UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5585

PATRICK DAVID,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-95-7)

Submitted: February 13, 1996

Decided: February 28, 1996

Before HALL, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, John P. Elwood,
Special Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Patrick David, a prisoner of the District of Columbia Department of Corrections at the Lorton Reformatory, appeals from his conviction of being a prisoner in possession of marijuana, 18 U.S.C.A. § 13 (West Supp. 1995) assimilating Va. Code Ann. § 53.1-203(6) (Michie 1994), and impeding a correction officer. He argues that the district court abused its discretion in qualifying a witness to testify as an expert on drug trafficking in the Lorton Reformatory and that the district court erred in denying his motion for a new trial. We affirm.

During a post-contact-visit strip search of David, Corporal Percy Finch and Officer Reynolds saw an object protruding from David's buttocks. Finch instructed David to remove the object. David refused. Finch then ordered David to put on his clothes, and he escorted David to the control room where David was again subjected to a strip search. Lieutenant Smith saw the object and ordered David to remove it. David refused. When Smith attempted to remove it, David slapped his hand away. David was sprayed with mace and the object--which later proved to be marijuana wrapped in plastic--was removed from his buttocks.

In his defense, David testified that on the day in question and on prior occasions, Finch offered him drugs for sale or in exchange for sex. On that day, David's initial search was without incident; however, Finch took him to the control room for another search, and, once there, began "taking down his pants." Finch threatened to plant marijuana on David if he refused to have sex with Finch. David resisted Finch's advances and called for help. Lieutenant Smith entered the room and sprayed David with mace.

After the jury returned a guilty verdict on the charges of possession of marijuana and impeding a correctional officer and not guilty of the possession with intent to distribute, David moved for a new trial on the basis of newly discovered evidence. The alleged new evidence was that (1) Finch had been arrested in North Carolina in 1988 for taking indecent liberties with a minor; (2) Finch had lied in another case, stating that he found drugs in the possession of inmate Jason

2

Jones; (3) the charges against Jones had been dismissed and Jones was now able to testify; (4) Officer Garner, who worked with Finch in searching inmates after visits, pled guilty to possession of illegal drugs. After a hearing, the district court denied David's motion for a new trial.

On appeal, David contends that the district court abused its discretion in allowing Captain Grillo, the chief of the Drug Interdiction Unit of the District of Columbia Department of Corrections, to testify as an expert on drug trafficking in the Lorton Reformatory. He asserts that the testimony was not admissible under Fed. R. Evid. 702 and 704(b). Because David failed to raise these objections in the district court, we review only for plain error. United States v. Olano, 507 U.S. 725, 113 S. Ct. 1770, 1777 (1993).

Because the jury acquitted David of the distribution charge, Grillo's testimony concerning quantity, packaging, and dosage units in Lorton Reformatory* did not affect David's "substantial rights" and therefore could not constitute plain errors. See United States v. Moore, 11 F.3d 475, 481 (4th Cir. 1993) (quoting Olano, 113 S. Ct. at 1777).

David also challenges Grillo's testimony that visitors are a primary source of contraband at Lorton as an improper attempt "to place an official blessing upon its theory of the case," which directly contributed to his conviction on the charge of possession of marijuana. However, Grillo's testimony did not state that visitors are the primary source of introduction of drugs into Lorton. He testified that both visitors and corrupt correctional officers were predominant sources of drugs. This testimony as to the modus operandi of drug traffickers within Lorton was permissible. See United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir.), cert. denied, ___ U.S. ___, 115 S. Ct. 102 (1994).

David also challenges the denial of his motion for a new trial. To have newly discovered evidence considered, the defendant must show that the evidence is newly discovered, he used due diligence, the evi-

_____

*We express no opinion as to whether admission of this evidence was erroneous.

3

dence is not merely cumulative or impeaching, the evidence is material, and the evidence would probably result in an acquittal at a new trial. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). The denial of a motion for a new trial is reviewed for an abuse of discretion. United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995).

Evidence of Finch's arrest--but not conviction--on charges of taking indecent liberties with a minor female is not material to David's defense that Finch attempted to have sex with him, an adult male, and it was not admissible. This "prior bad acts" evidence is not sufficiently related to the charged offense, and therefore would not be admissible. Fed. R. Evid. 404(b); United States v. Rawle, 845 F.2d 1244, 1247 & n.3 (4th Cir. 1988). Further, because the arrest did not result in a conviction, the proffered evidence would not be admissible under Fed. R. Evid. 609. Nor would it be admissible under Rule 608(b), because the conduct does not concern Finch's truthfulness. We find no abuse of discretion in the district court's determination that the evidence of Finch's 1988 arrest was not material to the issues and thus did not warrant a new trial. See Chavis , 888 F.2d at 793.

David also asserts that the district court should have granted a new trial based upon Jason Jones' recent availability and willingness to testify that Finch kept drugs at Lorton and that Finch lied during Jones' trial. The only purpose for admitting this evidence would be to impeach Finch's testimony. Because "new evidence going only to the credibility of a witness does not generally warrant the granting of a new trial," United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993), aff'd, ___ U.S. ___, 114 S. Ct. 286 (1994), we find no abuse of discretion in the denial of the new trial motion on this basis.

David also requested a new trial so that he could present evidence that Officer Garner, Finch's associate at Lorton Reformatory, pled guilty to possession of illegal drugs. David argues that this evidence supports his defense and raises an inference that Garner supplied drugs to Finch. However, Garner was not involved in David's arrest, conviction, or trial, and Garner's name was never mentioned during the trial. Evidence of Garner's drug conviction was not material to David's trial. Further, the proffered evidence concerns Garner's possession, not possession with intent to distribute or distribution of

4

drugs. The proffered evidence fails to support David's asserted inference that Garner supplied drugs to Finch.

In conclusion, we affirm David's conviction and the district court's order denying his motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED